IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTEON CORP., on behalf of its subcontractor, ENVISIONEERING, INC. (real party in interest), | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1051C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's introduction constitute plaintiff's characterization of its case, to which no answer is required.

1. Denies the allegations contained in the first, third, and fifth sentences of paragraph 1 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second, fourth, and sixth sentences of paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Denies the allegations contained in paragraph 5 for lack of information or knowledge

sufficient to form a belief as to the truth of the matters asserted.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

7. Admits the allegations contained in paragraph 7 to the extent supported by the written questions and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by question 242 and GSA's written response cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

10. Admits the allegations contained in the first and third sentences of paragraph 10. Denies the remaining allegations contained in paragraph 10.

11. Admits the allegation contained in paragraph 11 that GSA withheld $198,971.44 from payments otherwise due Anteon. Denies the remaining allegations contained in paragraph 11 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

12. Admits the allegations contained in paragraph 12 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the June

23, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Defendant's responses to paragraphs 1 through 15 of the complaint are incorporated by reference.

17. Denies.

18. Defendant's responses to paragraphs 1 through 17 of the complaint are incorporated by reference.

19. Denies.

20. Defendant's responses to paragraphs 1 through 19 of the complaint are incorporated by reference.

21. Denies.

22. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

23. Denies.

24. Denies that plaintiff is entitled to the relief requested in the Prayer For Relief following paragraph 23 or to any additional relief whatsoever.

25. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

26. Defendant asserts as an affirmative defense that plaintiff's claims are barred by the doctrine of accord and satisfaction.

WHEREFORE, the Government requests that the complaint be dismissed with prejudice and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 514-7965

Attorneys for Defendant

OF COUNSEL:
JONATHAN R. CELNIKER
General Services Administration
450 Golden Gate Ave., 5W
San Francisco, CA 94102

October 7, 2004