IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTEON CORP., on behalf of its subcontractor, ENVISIONEERING, INC. (real party in interest), | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1051C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

The parties submit this joint preliminary status report ("JPSR") pursuant Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's special procedures order dated July 16, 2004. The paragraph designations below correspond to the paragraph designations in RCFC Appendix A.

a. Does the Court have jurisdiction over this action?

Plaintiff believes that the Court possesses jurisdiction to entertain this suit pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. ("CDA"), and 28 U.S.C. § 1491(a)(1).

Defendant is currently unaware of any impediment to the Court's jurisdiction.

b. Should this case be consolidated with any other case?

No.

c. Should trial of liability and damages be bifurcated?

No.

d. Should further proceedings be deferred pending consideration of another case before this Court?

No. The parties are unaware of any basis for transferring or remanding this case to another tribunal.

e. Will a remand or suspension be sought?

No.

f. Will additional parties be joined?

At this time, the parties do not anticipate the joinder of any parties.

g. Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing.

The parties believe that this case may be resolved via dispositive motions after the conclusion of discovery.

h. What are the relevant issues? Can they be narrowed by stipulation or otherwise?

Plaintiff believes the relevant issue can be stated as follows:

Whether the plaintiff justifiably relied on the defendant's amendment of the solicitation, which contained an answer to the specific issue on which this case rests, *i.e.* proposers asked whether the appropriate Service Contract Act specification was applicable to several categories of workers to which it was not then being applied. The contracting officer replied, in writing, stating that GSA had checked with the Labor Department and that there would be no changes to the Service Contract Act specifications as listed in the solicitation. Plaintiff is unaware whether GSA had in fact checked with the Labor Department or whether the Labor Department thereafter changed its mind. Ultimately, however, the appropriate Service Contract Act specification was applied to several categories of workers which proposers had questioned and to which the contracting officer represented the Service Contract Act specification was not applicable.

Defendant believes the relevant issues can be stated as follows:

1. Whether defendant breached its contract with plaintiff, Anteon Corp., or materially misled plaintiff into entering the contract when the Department of Labor determined that plaintiff's payment of its staff violated relevant labor classifications regarding overtime, although the contract required that plaintiff propose the types of staffing required to complete the statement of work and that plaintiff was responsible for directing the work of the staff.

2. Whether the contract contained a mutual mistake of fact regarding the classification of employees work status that would result in recovery for plaintiff.

i. Can the case be settled? And, if so, the time considered necessary to complete such activity? Is Any Method Of ADR Viable?

The parties are agreeable to discussing the possibility of utilizing an ADR method. The parties believe that the viability of ADR is best discussed after engaging in limited discovery. The parties will discuss settlement in good faith.

j. Joint Proposed Scheduling Plan

(i) Dates for Joinder of Additional Parties or Amendment of Pleadings

Any joinder of additional parties or amendment of the pleadings shall be completed by January 15, 2005.

(ii) Discovery Plan

(1) The parties believe that document exchanges can take place by June 15, 2005.

(2) The parties believe that dispositive motions may be filed after discovery is conducted.

(3) The parties believe that discovery should not be conducted in phases

(4) The parties propose that fact discovery close on July 15, 2005.

(5) A status conference may be held in October 2005.

(6) The parties may file dispositive motions in this case. The parties will provide the Court a proposed filing schedule before the filing of the initial motion.

(7) The parties may decide to provide expert testimony. Should expert testimony be necessary, the parties will exchange expert reports by September 15, 2005.

(8) The parties intend to complete all discovery before October 15, 2005.

(9) The parties do not request relief from the limits imposed upon depositions and interrogatories.

(10) The parties do not anticipate requesting any physical or mental examinations.

(iii) Earliest Date This Case Could Be Ready For Trial

The parties believe that this case will be ready for trial by December 2005.

Representations of Counsel

The parties have held their meeting of counsel. The parties have not exchanged the lists and disclosures set forth in RCFC 26(a)(1). The parties will exchange all required information within 30 days of the filing of this report.

The plaintiff estimates that this case will consume 200 hours of time through the end of discovery. The defendant estimates that this case will consume 100 hours of time through the end of discovery. Defendant is unable to estimate the costs to the Government of defending this action. The parties represent that they have provided these estimates to the client and agency.

Proposed Dates For Preliminary Status Conference

The parties propose the following dates for the preliminary status conference:

January 5,6,7, 2005.

Respectfully submitted,

By Plaintiff:

s/John Lukjanowicz
JOHN LUKJANOWICZ
Oles Morrison Rinker & Baker, LLP
701 Pike Street, Suite 1700
Seattle, WA 98101-3930
Tel: (206) 623-3427
Fax: (206) 682-6234
Attorney for Plaintiff

By Defendant:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 514-7965

Attorneys for Defendant

OF COUNSEL:
JONATHAN R. CELNIKER
General Services Administration
450 Golden Gate Ave., 5W
San Francisco, CA 94102

December 20, 2004