**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANTEON CORPORATION, on behalf of its subcontractor, ENVISIONEERING, INC. (real party in interest), | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1051C<br>(Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO COMPEL DISCOVERY</u>**

Pursuant to Rule 37(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that, as a result of Anteon Corporation's ("Anteon") complete failure to respond to defendant's first set of interrogatories, the Court issue an order compelling Anteon's responses to these interrogatories. We have been unsuccessful in our attempts to resolve this matter in good faith with Anteon, pursuant to RCFC Appendix A, ¶ 10, and have informed plaintiff's counsel of our intent to file this motion. Defendant's Appendix ("DA") 28, 29. In support of this motion, defendant relies upon Anteon's complaint and the following assertions.

1. On June 23, 2004, Anteon, on behalf of its subcontractor, Envisioneering, Inc. ("Envisioneering"), filed a complaint in this Court seeking monetary damages from the United States for breach of contract, misrepresentation, and mutual mistake in connection with the contract numbered GS-09K-99-BHD-0001 (the "prime contract") and task order number ANSER-SC-021 (the "task order"). Complaint ("Compl.") ¶¶ 2, 5-6. Specifically, Anteon's complaint seeks $198,971.44 plus interest under three causes of action: (1) failure to equitably adjust the Task Order; (2) misrepresentation on the basis that GSA misrepresented "its

discussion with DOL and thereby misled Anteon and Envisioneering to their detriment;" and, (3) mutual mistake as to "whether certain categories of employees would be exempt." Compl. ¶¶ 5-6.

2. On December 20, 2004, the parties filed a Joint Preliminary Status Report ("JPSR") pursuant to Appendix A of the RCFC. In the JPSR, the parties informed the Court of an agreed upon discovery plan whereby discovery would be completed by October 15, 2005. Subsequently, on October 24, 2005, the parties submitted a joint status report which reported to the Court that "each side has produced responsive documents for inspection. Counsel are currently in the process of reviewing these documents; however, the parties believe that an additional 60 days is needed to complete the discovery process." The parties did not address Anteon's interrogatory responses at that time because Government counsel believed Anteon would respond to its interrogatories in a timely manner.

3. On June 8, 2005, pursuant to Appendix A of the RCFC, the United States mailed its first set of interrogatories and requests for production of documents to Anteon.[1] The questions posed in defendant's interrogatories seek relevant information that is critical to the Government's defense as to liability.

4. Anteon did not respond to defendant's interrogatories.

5. In light of the deadlines set forth in the Court's October 25, 2005 Order, Government counsel has contacted Anteon's counsel on numerous occasions in an attempt to determine the

---

[1] A copy of Defendant's First Set of Interrogatories and Requests For Production of Documents ("defendant's interrogatories" or "interrogatories") is at DA 01-25.

status of Anteon's response.[2] On November 28, 2005, after the Government still had not received Anteon's responses to its interrogatories, Government counsel sent another e-mail to Anteon's counsel. DA 27. Anteon's counsel responded by stating he "hope[d] to send them to [Government counsel] on Tuesday [November 29, 2005] or Wednesday [November 30, 2005]." Id.

6. Despite numerous attempts upon the part of the defendant, Anteon still has not submitted responses to any of the defendant's general requests for the above-mentioned relevant information. On December 5, 2005, counsel for Anteon explained to Government counsel that he is having difficulty obtaining responsive information from Anteon's subcontractor Envisioneering. See DA 28. Government counsel responded to Anteon counsel's e-mail by promising to refrain from filing a motion to compel Anteon's response until the next day, December 6, 2005, if plaintiff's counsel could obtain a definitive answer from his client regarding when it would respond to the Government's request. DA 29. The Government has not received this answer, and because discovery closes on December 25, 2005, the Government can no longer rely upon unfulfilled promises and is forced to file this motion.

Until Anteon produces the information requested in our interrogatories, we will be unable to adequately represent the defendant or provide the Court with a recommendation upon how the case should proceed, as also mandated by the Court's October 25, 2005 Order. Therefore, for the foregoing reasons, we respectfully request that the Court directly order Anteon to respond

[2] In addition to several phone calls with Anteon's counsel, the Government has also sent e-mails seeking the status of Anteon's responses. See DA at 26-29.

immediately to the discovery identified above or face procedural sanctions, such as the dismissal of the complaint with prejudice for failure to comply with the Court's orders.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:
JONATHAN R. CELNIKER
General Services Administration
450 Golden Gate Ave., 5W
San Francisco, CA 94102

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-0383
Fax: (202) 353-7988

December 7, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 7, 2005, a copy of the foregoing "DEFENDANT'S MOTION TO COMPEL" with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle