# DEFENDANT'S APPENDIX

# DEFENDANT'S APPENDIX

Defendant's First Set of Interrogatories and Requests For Production of Documents
June 8, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

E-mail from Government counsel to Anteon's counsel,
Subject: Interrogatory Responses, October 28, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

E-mail from Anteon's counsel to Government counsel,
Subject: Anteon's Interrogatory Responses, November 28, 2005 . . . . . . . . . . . . . . . . . . 27

E-mail from Government counsel to Anteon's counsel,
Subject: Anteon's Interrogatory Responses, December 5, 2005 . . . . . . . . . . . . . . . . . . . 28

E-mail from Anteon's counsel to Government counsel,
Subject: Anteon's Interrogatory Responses, December 5, 2005 . . . . . . . . . . . . . . . . . . . 28

E-mail from Government counsel to Anteon's Counsel,
Subject: Anteon's Interrogatory Responses, December 5, 2005 . . . . . . . . . . . . . . . . . . . 29

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTEON CORP., on behalf of its subcontractor, ENVISIONEERING, INC. (real party in interest), | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1051C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF INTERROGATORIES AND
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, the United States, hereby requests that plaintiff, Anteon Corp., on behalf of its subcontractor, Envisioneering Inc., answer the following interrogatories under oath and produce to defendant the documents requested below in accordance with Rules 33 and 34 of the Rules of the United States Court of Federal Claims, respectively.

These interrogatories and production requests shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information and/or discovers additional documents after service of its original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

FILE

DEFINITIONS AND INSTRUCTIONS

A. The terms, "plaintiff," "you," "yourself," and "your" refers to plaintiff, Anteon Corp. and its subcontractor Envisioneering, Inc., its present or former officers, partners, employees, agents, attorneys or representatives and every person connected with plaintiff in connection with the matter at issue in this action.

B. "Person" and "individual" means and includes natural persons, partnerships,

corporations, associations, or any other kind of entity recognized by law and their employees or independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

D. "Complaint" refers to the pleading filed by plaintiff to commence this action.

E. "Identify" or "identity" shall have the following meanings:

(1) When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm or other entity.

(2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(3) When used in reference to a document, the response shall state the

type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of the document to its answers.

(4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

F. "Describe in detail" or "state in detail" as used herein, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of each such event;

(d) the address and location of each such event; and

(e) the identity of each person present during each such event.

G. "Contract" means the Contract identified in the complaint.

H. The word "explain" means to state with specificity each and every fact,

ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention or response.

I. The word "substantiate" means to identify each document and/or communication, including each and every provision of the transaction, upon which you rely in making the reference, contention or response, and to state any other facts relating to the reference, contention or response.

J. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

K. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or production requests, describe those documents, in the manner described above, and indicate your claim of privilege and give the grounds upon which your claim of privilege rests.

L. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

INTERROGATORIES

**Interrogatory Number 1:**

State the name, address and telephone number of each person answering these interrogatories and specify which interrogatory each person assisted with answering.

**Answer:**

**Interrogatory Number 2:**

Identify and provide current contact information for the person(s) at Anteon/Envisioneering who prepared the Anteon/Envisioneering technical proposals (including the staffing plan) that Anteon/Envisioneering submitted to GSA on or about September 23, 1999 and again on or about October 27, 2000.

**Answer:**

**Interrogatory Number 3:**

Explain the basis and rationale for Anteon/Envisioneering to propose ANSWER Contract Skill Level 34, Technician (Senior) and ANSWER Contract Skill Level 35, Technician (Intermediate) as part of its Technical Proposals submitted to GSA on or about September 23, 1999 and again on or about October 27, 2000?

**Answer:**

**Interrogatory Number 4:**

Identify the specific technical requirement(s) as described in the applicable performance-based statement of work for task order no.: K0900DF216 (awarded to Anteon on or about September 27, 19991) and task order no.: T0901DF415 (awarded to Anteon on or about October 31, 2000) for which Anteon/Envisioneering proposed ANSWER Contract Skill Level 34, Technician (Senior) and ANSWER Contract Skill Level 35, Technician (Intermediate) as part of its technical proposals submitted to GSA on or about September 23, 1999 and again on or about October 27, 2000.

**Answer:**

**Interrogatory Number 5:**

Describe in detail why Anteon/Envisioneering believes that it properly proposed personnel under ANSWER Contract Skill Level 34, Technician (Senior) and ANSWER Contract Skill Level 35, Technician (Intermediate) to perform the specific technical requirements identified in response to interrogatory number 4.

**Answer:**

**Interrogatory Number 6:**

Describe in detail why Anteon/Envisioneering failed to propose a special personnel skill classification (such as Warehouse Specialist or Material Coordinator) to perform the specific technical requirements identified in response to interrogatory number 4?

**Answer:**

**Interrogatory Number 7:**

Did Anteon/Envisioneering ever inform GSA that ANSWER Contract Skill Level 34, Technician (Senior) and ANSWER Contract Skill Level 35, Technician (Intermediate) should be listed as "non-exempt" as part of its technical proposals submitted to GSA on or about September 23, 1999 and again on or about October 27, 2000?

**Answer:**

**Interrogatory Number 8:**

Explain how the persons identified in response to interrogatory number 2 relied upon the Government's Response to Question 242 when such persons prepared the Anteon/Envisioneering technical proposals submitted to GSA on or about September 23, 1999 and again on or about October 27, 2000?

**Answer:**

**Interrogatory Number 9:**

Identify and provide current contact information for the person(s) at Anteon/Envisioneering who participated in the Department of Labor's investigation into Envisioneering's labor practices in connection with task order No.: T0901DF415 (awarded to Anteon on or about October 31, 2000).

**Answer:**

**Interrogatory Number 10:**

Describe in detail the specific basis for the Department of Labor to conclude that Envisioneering had misclassified 75 of its employees who were performing work for task order no.: T0901DF415 (awarded to Anteon on or about October 31, 2000).

**Answer:**

**Interrogatory Number 11:**

Has Anteon/Envisioneering challenged the Department of Labor's findings as a result of its investigation into Envisioneering's labor practices in connection with task order no.: T0901DF415 (awarded to Anteon on or about October 31, 2000). If so, what is the current status of such a legal challenge. If not, describe in detail why Anteon/Envisioneering choose not to challenge the Department of Labor's findings that Envisioneering had misclassified 75 of its employees who were performing work for task order no.: T0901DF415 (awarded to Anteon on or about October 31, 2000).

**Answer:**

**Interrogatory Number 12:**

Identify and provide current contact information for the person(s) at Anteon/Envisioneering who participated in the negotiation and preparation of modification 12 of the contract.

**Answer:**

**Interrogatory Number 13:**

What specifically did Anteon/Envisioneering seek to achieve when it participated in the negotiations and preparation of modification 12 of the contract?

**Answer:**

**Interrogatory Number 14:**

Describe in detail why Anteon/Envisioneering agreed to modification 12 of the contract when modification 12 by its express terms does not provide retroactive coverage for any period prior to October 1, 2001?

**Answer:**

**Interrogatory Number 15:**

Describe in detail how Anteon/Envisioneering calculated and substantiated its damages claimed in this lawsuit? Does any of the damages sought by Anteon/Envisioneering in this lawsuit cover the period prior to October 1, 2001?

**Answer:**

**Interrogatory Number 16:**

Identify and provide current contact information for the person(s) at Envisioneering who prepared the proposal submitted to GSA which ultimately resulted in being awarded to Envisioneering as task order no.: 9T3S016SC.

**Answer:**

**Interrogatory Number 17:**

Describe in detail why Envisioneering proposed to staff task order no.: 9T3S016SC with skill classifications of Warehouse Specialists and Material Handling Laborers for this task order?

**Answer:**

**Interrogatory Number 18:**

Describe in detail the effect or influence of the Department of Labor's finding that Envisioneering had misclassified 75 employees under task order no.: T0901DF415 (awarded to Anteon on or about October 31, 2000) upon Envisioneering's decision to propose to staff task order no.: 9T3S016SC with skill classifications of Warehouse Specialists and Material Handling Laborers?

**Answer:**

**Interrogatory Number 19:**

Identify all other claims, lawsuits, or requests for equitable adjustment relating to or otherwise arising out of GSA's Response to Question 242.

**Answer:**

REQUEST FOR PRODUCTION OF DOCUMENTS

Please provide copies of the following documents (see definition C, above) described below which are in your possession, custody, or control, or in the custody or control of your attorneys or accountants.

1. All documents, reports, exhibits, or statements identified in response to Defendant's First Set of Interrogatories.

2. Any and all documents upon which you intend to rely to establish proof of your claims and/or damages.

3. All documents that evidence, relate or refer to the contract.

4. All documents that substantiate or contradict the answers to the interrogatories above.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 514-7965
Attorneys for Defendant

OF COUNSEL:
JONATHAN R. CELNIKER
General Services Administration
450 Golden Gate Ave., 5W
San Francisco, CA 94102

June 8, 2005

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 8th day of June 2005, I caused to be served by overnight delivery service, copies of "DEFENDANT'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS" addressed as follows:

John Lukjanowicz
Oles, Morrison, Rinker & Baker, LLP
701 Pike Street, Suite 1700
Seattle, WA 98101-3930
(206) 623-3427

Ena Goddard

**Mickle, Douglas (CIV)**

| | |
|---|---|
| **From:** | Lukjanowicz@OLES.com |
| **Sent:** | Monday, October 31, 2005 12:45 PM |
| **To:** | Mickle, Douglas (CIV) |
| **Subject:** | RE: Interrogatory Responses |

I found out she's on jury duty, and thus is difficult to get ahold of during business hours. We traded voice-mail messages over the weekend. I hate to duplicate work that has already been done, but will do so if necessary. I'll target this Friday to get you answers. JL.

-----Original Message-----
From: Douglas.Mickle@usdoj.gov [mailto:Douglas.Mickle@usdoj.gov]
Sent: Friday, October 28, 2005 6:35 AM
To: John Lukjanowicz
Cc: Douglas.Mickle@usdoj.gov
Subject: Interrogatory Responses

John:

Were you able to discuss with your paralegal the status of Anteon's responses to our interrogatories? I searched all of our files again yesterday and could not locate them. I also spoke to Tom Fatorous and he did not remember seeing them. Accordingly, if they were sent to us, would you please resend them to me as soon as you can because for some reason they never made it here.

Thank you, and please have a nice weekend.

Doug

DA 026

**Mickle, Douglas (CIV)**

**From:** Lukjanowicz@OLES.com
**Sent:** Monday, November 28, 2005 1:30 PM
**To:** Mickle, Douglas (CIV)
**Subject:** RE: Anteon Interrogatory Responses

Working on answers now; hope to send them to you on Tuesday or Wednesday.
JL.

-----Original Message-----
From: Douglas.Mickle@usdoj.gov [mailto:Douglas.Mickle@usdoj.gov]
Sent: Monday, November 28, 2005 7:04 AM
To: Douglas.Mickle@usdoj.gov; John Lukjanowicz
Cc: jonathan.celniker@gsa.gov
Subject: RE: Anteon Interrogatory Responses
Importance: High

John:

I hope you had a nice holiday. Please contact me as soon as possible to discuss the status of Anteon's responses to our interrogatories. It has now been well over a month since we first began discussing when Anteon would respond to our interrogatories, and I still hope we can resolve the matter without seeking the Court's intervention.

Thank you for your consideration of this matter, and I look forward to hearing from you.

Doug

---

From: Mickle, Douglas (CIV)
Sent: Monday, November 21, 2005 9:53 AM
To: 'Lukjanowicz@OLES.com'
Cc: Mickle, Douglas (CIV); 'jonathan.celniker@gsa.gov'
Subject: Anteon Interrogatory Responses

John:

I was wondering what the status is of Anteon's responses to our interrogatories. Pursuant to our last conversation, I was expecting to receive Anteon's responses last week. Please let me know at your earliest convenience when these responses will be forthcoming.

Thank you,

Doug

DA 027

**Mickle, Douglas (CIV)**

**From:** Lukjanowicz@OLES.com
**Sent:** Monday, December 05, 2005 2:04 PM
**To:** Mickle, Douglas (CIV)
**Subject:** RE: Anteon Interrogatory Responses

As you may know, I represent Envisioneering in the litigation. Anteon is sponsoring the Envisioneering claim, and although I technically also represent Anteon, I don't have ready access to Anteon's information except through my Anteon contact, who has not been as responsive as I'd have hoped over the last couple of weeks. Many of the interrogatories ask for information that I must obtain from Anteon. I'll redouble my efforts with Anteon this week. In the meantime, I hope you can refrain from filing a Motion to compel. I'd much prefer if we could ask the Court for an extension of the discovery cut-off deadline, rather than having to answer a Motion to compel. Let me know whether that will work for you. In the meantime, I'll keep trying to get answers out of Anteon. Thanks. JL.

-----Original Message-----
From: Douglas.Mickle@usdoj.gov [mailto:Douglas.Mickle@usdoj.gov]
Sent: Monday, December 05, 2005 9:53 AM
To: John Lukjanowicz
Cc: Douglas.Mickle@usdoj.gov; jonathan.celniker@gsa.gov
Subject: RE: Anteon Interrogatory Responses
Importance: High

John:

I still have not received Anteon's responses to the Government's interrogatories. In light of your e-mail of last week, I expected to receive Anteon's responses almost a week ago. As you are aware, discovery closes on December 25, 2005. I need Anteon's responses in order to ensure depositions are not warranted in this case. Because discovery closes in less than three weeks, I will be forced to seek judicial intervention in this matter if I do not receive Anteon's responses by close of business today, 5 December 2005.

Thank you for your attention to this matter, and as always, please call me if you would like to discuss anything regarding this case.

Doug

-----Original Message-----
From: Lukjanowicz@OLES.com [mailto:Lukjanowicz@OLES.com]
Sent: Monday, November 28, 2005 1:30 PM
To: Mickle, Douglas (CIV)
Subject: RE: Anteon Interrogatory Responses

Working on answers now; hope to send them to you on Tuesday or Wednesday. JL.

**Mickle, Douglas (CIV)**

**From:** Mickle, Douglas (CIV)
**Sent:** Monday, December 05, 2005 3:32 PM
**To:** 'Lukjanowicz@OLES.com'
**Cc:** Mickle, Douglas (CIV)
**Subject:** RE: Anteon Interrogatory Responses

John:

I agree that filing a motion to compel is something we should try to avoid; however, I am not sure Chief Judge Damich will agree to an extension of the discovery cut-off deadline. Judge Damich has already granted us one extension, and I have been informed that the Court recently has been denying additional requests of this nature. That said, I will not file a motion to compel until tomorrow so you can obtain a definitive answer from Anteon regarding when it will respond. If you still have trouble getting information from Anteon, an order compelling production or dismissal of its claim will hopefully force Anteon to take your requests for information seriously. Thank you again for your quick response to my inquiry.

Doug

-----Original Message-----
From: Lukjanowicz@OLES.com [mailto:Lukjanowicz@OLES.com]
Sent: Monday, December 05, 2005 2:04 PM
To: Mickle, Douglas (CIV)
Subject: RE: Anteon Interrogatory Responses

As you may know, I represent Envisioneering in the litigation. Anteon is sponsoring the Envisioneering claim, and although I technically also represent Anteon, I don't have ready access to Anteon's information except through my Anteon contact, who has not been as responsive as I'd have hoped over the last couple of weeks. Many of the interrogatories ask for information that I must obtain from Anteon. I'll redouble my efforts with Anteon this week. In the meantime, I hope you can refrain from filing a Motion to compel. I'd much prefer if we could ask the Court for an extension of the discovery cut-off deadline, rather than having to answer a Motion to compel. Let me know whether that will work for you. In the meantime, I'll keep trying to get answers out of Anteon. Thanks. JL.

-----Original Message-----
From: Douglas.Mickle@usdoj.gov [mailto:Douglas.Mickle@usdoj.gov]
Sent: Monday, December 05, 2005 9:53 AM
To: John Lukjanowicz
Cc: Douglas.Mickle@usdoj.gov; jonathan.celniker@gsa.gov
Subject: RE: Anteon Interrogatory Responses
Importance: High

John:

I still have not received Anteon's responses to the Government's interrogatories. In light of your e-mail of last week, I expected to receive Anteon's responses almost a week ago. As you are aware, discovery