IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTEON CORP., on behalf of its subcontractor, ENVISIONEERING, INC. (real party in interest), | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1051C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

On October 25, 2005, the Court issued an order extending discovery in this case until December 25, 2005. In that Order, the Court also required the parties to submit a "joint status report on or before January 3, 2006, in which they inform the Court of the discovery completed, whether they plan to pursue ADR, and a recommendation on how to proceed."

On December 7, 2005, the Government filed a motion to compel Anteon to respond to its request for interrogatories or face procedural sanctions, such as the dismissal of the complaint with prejudice for failure to comply with the Court's orders. In its motion, the Government explained that until Anteon produces the information requested in our interrogatories, the United States is unable to adequately represent the defendant or provide the Court with a recommendation upon how the case should proceed. Anteon belatedly responded to the Government's motion on January 3, 2006.[1] Anteon also provided answers to the Government's

[1] On January 3, 2006, Acting Chief Judge Victor J. Wolski issued an order granting the Government's motion to compel and ordered Anteon to file a status report on or before February 3, 2006, informing the court of whether it has provided the United States with the requested discovery. In light of Anteon's January 3, 2006 response to the Government's interrogatories, the parties request that the Court rescind this Order because it no longer is necessary.

Interrogatories via e-mail on January 2, 2006 and via facsimile and overnight Federal Express on January 3, 2006.

The parties are still agreeable to discussing the possibility of utilizing an Alternate Disputes Resolution ("ADR") method; however, the Government still believes, as it stated in October 2005, that the viability of ADR would best be discussed after discovery has concluded. Accordingly, until the Government is able to evaluate Anteon's interrogatory answers, the United States is unable to tell the Court if its plans to ask the Court to assign the case to an ADR judge at the conclusion of discovery.

For the reasons stated above, the parties respectfully submit this joint status report. The Government and Anteon respectfully request that the Court extend the deadline for discovery seventy-five (75) days, up to and including Monday, March 6, 2006, for the Government to review Anteon's responses and conduct any depositions that it deems necessary in light of Anteon's responses, and for Anteon to conduct any depositions it may deem necessary. Finally, the parties believe that at that time, the parties will be able to inform the Court of their intentions regarding filing a dispositive motion in this matter or whether ADR should be attempted.

Respectfully submitted,

By Plaintiff:

s/John Lukjanowicz

JOHN LUKJANOWICZ
Oles Morrison Rinker & Baker, LLP
701 Pike Street, Suite 1700
Seattle, WA 98101-3930
Tel: (206) 623-3427
Fax: (206) 682-6234
Attorney for Plaintiff

By Defendant:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-0383
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:
JONATHAN R. CELNIKER
General Services Administration
450 Golden Gate Ave., 5W
San Francisco, CA 94102

January 3, 2006